## Maurice Weil v. American Metal Company.

1. COMMERCIAL TRANSACTIONS—*Common Sense and Common Usage in.*—Common sense and usage in commercial transactions, are as applicable in courts of law as among business men.

2. CONTRACTS—*What is Not an Abrogation.*—Where one party to a contract informs the other that unless two invoices are promptly settled, he should consider all business between them at an end for once and and forever, the only fair and reasonable interpretation is that, in the event mentioned, he would not make any other or new contract with him. It is not to be interpreted as an abrogation of a pending and partly performed contract.

Assumpsit, for goods sold and delivered. Trial in the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed March 14, 1899.

M. J. ISAACS and PAM, DONNELLY & GLENNON, attorneys for appellant, contended that the contract in question was not an entire one, but was made up of distinct and severable

contracts; and even if the appellant were guilty of a breach of a portion thereof in failing and refusing in any manner to perform as to one particular shipment or delivery, such breach did not relieve the appellee from in every respect otherwise complying with the other portions of the contract; so that even if it is assumed for the purpose of argument, that the evidence sustains appellee's claim that the two cars of lead were properly tendered in July, and the appellant refused to receive or pay for them, yet that act of appellant in no way relieved appellee in regard to the spelter to be delivered thereafter, to make full and proper tender thereof, at Chicago or East St. Louis. Where a contract is not an entire, but a severable one, as in the case at bar, a breach of any one part does not relieve the complaining party from performing the remainder; we submit the following authorities: Simpson v. Crippin, L. R., 8 Q. B. 14; Freeth v. Burr, L. R., 9 Com. Pleas, 208; Johnassan v. Young, 4 Best and Smith, 296; Roper v. Johnson, L. R., 8 Com. Pleas, 167; Brandt v. Lawrence, 1 Q. B. Div. 344; Reuter v. Sala & Co., 4 Common Pleas, 256; Mersey Steel and Iron Co. v. Naylor, Benzon L. R., 9 Q. B. Div. 648; 9 House of Lords App. Cases, 434; Morgan v. McKee, 77 Penn. St. 228; Blackburn v. Reilly, 47 N. J. Law, 290; Trotter v. Heckscher, 40 N. J. Eq. 612; Winchester v. Newton, 2 Allen, 492; Tucker v. Billing, 3 Utah, 82; S. C., 5 Pac. Rep. 554; Myer v. Wheeler et al., 65 Ia. 395; S. C., 21 N. W. Rep. 692; Hanson v. Consumers Steam Heating Co. (Iowa), 34 N. W. Rep. 495; Cahen v. Platt, 69 N. Y. 348; Graver v. Scott, 80 Penn. St. 88; Quigley v. De Haas, 82 Penn. St. 267; Scott v. Kittanning Coal Co., 89 Penn. St. 231.

Where custom or trade meaning is not disclosed, and no explanation is made, either in the pleadings or in the evidence, and they not being common terms, the law will not assume to give significance to them for the purpose of establishing a condition of a contract and creating a breach thereof, without some evidence or explanation as to their meaning, and without submitting them to the consideration

of the jury. Darling v. Dodge, 36 Me. 370; McNichol v. Pac. Ex. Co., 12 Mo. App. 401-407; Brown v. McGran, 14 Pet. (U. S.) 479 (493); Lucas v. Groning, 7 Tant. 164; Law v. Gross, 1 Black (U. S.), 533; Burr v. Williams, 20 Ark. 172–188; Ward v. Lattimer, 2 Tex. 245, 248.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellee.

All contracts made in the ordinary course of business without particular stipulations, expressed or implied, are presumed to be made in reference to any existing usage or custom relating to such trade, and persons dealing therein will be held as intending that the business should be conducted according to such general usages and customs. Chisholm v. Beaman Machine Co., 160 Ill. 101.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellee recovered judgment for $1,136, upon the verdict of a jury, in a suit brought by it against appellant for damages because of the alleged failure of appellant to accept certain carloads of lead and spelter, under a contract between the parties, and this appeal has followed.

The contract rests entirely in letters and telegrams between the parties, from which we deduce, as the true interpretation and construction thereof, that appellee sold to appellant eight carloads of pig lead and eight carloads of spelter, at specified prices, free on board cars either at St. Louis or Chicago, at appellant's option, deliverable in specific numbers of carloads within specified months, in the future, upon shipping directions to be given by appellant; each shipment to be accompanied or followed by a sight draft for the amount thereof at the agreed price with bill of lading attached, which appellant would pay upon presentation.

The appellant does not concede such to be, in all respects, the contract, but considering all the letters and telegrams together, and the construction the parties themselves put upon their contract in their actings and dealings under it, as to such parts of it as were performed without contro-

versy, such must be held to be the substantial legal effect of their agreement.

The controversy is over two carloads of pig lead, amounting to $2,360.56, shipped to appellant at Chicago, at appellant's request, which appellant refused to accept or pay for, and which were sold out by appellee at a loss from the contract price, and three carloads of spelter, for which appellant failed to give shipping directions, and in legal effect refused to accept a delivery of, concerning which appellee claimed a difference between the contract price and the market price. All other of the lead and spelter had been previously shipped and paid for.

We fail to discover anything in the argument in behalf of appellant which attacks the correctness of the verdict, in amount, except in the item of interest, if appellee was entitled to a verdict for any sum whatever.

But appellant contends that sufficient proof was not made of the cause of action declared upon to justify any verdict. Assuming that appellant is in a position to raise that point we think it is not well taken.

As to the two carloads of lead, the price per 100 pounds was fixed by the contract, and the weight was ascertained by the certificates of sworn weighers attached to the invoice, and shown to the appellant. As to the three carloads of spelter, the price per 100 pounds was also fixed by the contract, and the minimum weight of a carload of spelter was shown.

The market value of both metals at the time in question was given in evidence by stipulation.

The result in each case was a mere matter of calculation.

In Coal Co. v. Block & H. Smelting Co., 53 Ill. App. 565, where the contract price of slack coal was $2 per carload, but the price per ton was not fixed, evidence of the average capacity of a coal car was permitted in order to arrive at the price per ton, by computation. Here the price per 100 pounds of the spelter was fixed by the contract, and by the same reasoning, the minimum weight of a carload was proper, to arrive at the value of a carload by computation. And the minimum weight would necessarily be somewhat

less than the average weight, so that surely the appellant was not wronged in that respect.

Common sense and common usage in commercial transactions, are as applicable in courts of law as among business men.

It is insisted by appellant that no legal breach of the contract was shown, and it is said there was never any actual refusal by appellant to receive either the lead or the spelter. The shipment of the lead, in response to the request of appellant, and notification thereof by letters from appellee to appellant, and the presentation by appellee to appellant of a sight draft for the amount, with invoice and bill of lading attached, together with the circumstance that appellant never made any objection to the payment of the draft upon the ground that tender of the lead in Chicago was not made, furnished ample evidence for the court below to find that all that was required of appellee in that respect had been done, and we discover no sufficient reason for overturning the conclusion in that respect.

It is not claimed by appellee that there was ever any shipment of the spelter, but it appearing from appellant's letters that he would not give shipping directions concerning it, or accept it if shipped, unless certain extraneous demands of his were complied with, it was not incumbent upon appellee to do the unnecessary thing of shipping, or otherwise making a tender.

The evidence was enough to warrant the finding by the trial court that there was a breach by appellant of his contract concerning the spelter, as well as the lead, and we ought not to disturb it. All the proof was made, in every respect, that the nature of the transaction required.

Considerable stress is laid by appellant upon his contention that the contract was terminated by the letter of June 23, 1893, from appellee to him, and his answer thereto, and to intervening letters from appellee, under date of July 1, 1893, and hence, that he was under no obligations to accept either the lead or spelter that is in controversy. This contention has no basis except upon the concluding sentence in appellee's letter of June 23d, that "We now

beg to give you notice that unless these two invoices are promptly settled by you, we shall consider all business between us at an end for once and forever."

The only fair and reasonable interpretation of that expression is that, in the event mentioned, appellant would not make any other or new contracts with appellee. It would be a most forced construction to give it any other interpretation. Besides, subsequent letters from appellee, and appellant's answer of July 1st, show it was not meant or understood by either party, that the pending and partly performed contract, for which appellant was already indebted in part, should be abrogated.

We have examined all the claimed errors concerning the admission and rejection of evidence, by which appellant urges that he was injured, but we think there was no material error in such respects.

The point that interest was not allowable has merit, as an abstract proposition, but we can not find from the record that interest was allowed. The court instructed the jury to find generally for the plaintiff (appellee), but not for any specific amount. The amount was left to the jury and there is nothing to show that they added interest to the damages.

The appellant neglected to file a brief of his points, as the rule of this court requires, and if we have failed to pick out, from his argument, every point worthy of discussion, it is his fault.

The judgment of the Circuit Court, for anything we have been able to discover, is right, and it will be affirmed.